UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAJENDRAKUMAR AMRUTLAL PATEL,**

**Plaintiff,**

**v.** **Case No. 5:26-cv-848-CEM-PRL**

**SECRETARY MARKWAYNE MULLIN, TODD BLANCHE, JOSEPH B. EDLOW, GREGORY W. KEHOE, and UNITED STATES OF AMERICA,**

**Defendants.**
_________________________________/

# ORDER

THIS CAUSE is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order ("Motion," Doc. 1). For the reasons set forth below, the Motion will be granted.

## I. Background

Plaintiff alleges that he is a citizen of India who has been in the United States since 2005. (*Id.* at 3). He is seeking an order prohibiting U.S. Immigration and Customs Enforcement ("ICE") from arresting him at his upcoming appointment with U.S. Citizenship and Immigration Services ("USCIS").

It appears that Plaintiff has been given deferred action status on the basis of a bona fide "U nonimmigrant" visa application. (Doc. 1 at 1, 3; *see also* Employment Authorization Card, Doc. 1, at 11); 8 U.S.C. § 1101(a)(15)(U)(i); I-918, Petition for U Nonimmigrant Status, https://www.uscis.gov/I-918 (last visited Nov. 13, 2026). Plaintiff has a biometrics appointment with USCIS on November 17, 2026, as part of the renewal of his employment authorization. (Doc. 1 at 2; ASC Appointment Notice, Doc. 1, at 7). Plaintiff has alleged a credible fear of being arrested by ICE at that appointment. (Doc. 1 at 4 & n.1). Therefore, Plaintiff seeks an order from this Court temporarily enjoining Defendants from arresting, detaining, or removing Plaintiff.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order ("TRO") "without written or oral notice to the adverse party" if the requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The movant must certify in writing "the reasons why [notice] should not be required," Fed. R. Civ. P. 65(b)(1)(B). Additionally, to obtain such ex parte relief, the movant must establish the same elements as are required for a preliminary injunction. M.D. Fla. R. 6.01(b)(1)–(4).

To obtain a preliminary injunction, the movant must sufficiently establish that (1) "it has a substantial likelihood of success on the merits;" (2) "irreparable injury will be suffered unless the injunction issues;" (3) "the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;" and (4) "the injunction would not be adverse to the public interest." *Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). "A preliminary injunction, moreover, 'is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" *Llovera v. Fla.*, 576 F. App'x 894, 896 (11th Cir. 2014) (per curiam) (quoting *Forsyth Cnty.*, 633 F.3d at 1039). "To carry its burden, a plaintiff seeking a preliminary injunction must offer proof beyond unverified allegations in the pleadings. "Moreover, vague or conclusory affidavits are insufficient to satisfy the plaintiff's burden." *Palmer v. Braun*, 155 F. Supp. 2d 1327, 1331 (M.D. Fla. 2001), *aff'd*, 287 F.3d 1325, 1327 (11th Cir. 2002).

Failure to satisfy even one element for a preliminary injunction is fatal to issuance of the injunction. *Llovera*, 576 F. App'x at 896; *Henry v. Nat'l Hous. P'ship*, No. 1:06-cv-008-SPM, 2006 WL 8443138, at *1 (N.D. Fla. Sept. 19, 2006) ("Where a plaintiff has not carried his burden as to any one of the elements required

for a preliminary injunction, it is unnecessary to address the remaining elements." (citing *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983))).

## III. Analysis

As an initial matter, Plaintiff, who is proceeding pro se, has not filed an operative Complaint or Petition for habeas relief. However, pro se filings must be construed liberally. *Michelson v. Sec'y, Dep't of the Army Ag.*, 860 F. App'x 677, 678 (11th Cir. 2021). So for purposes of this Order, the Court presumes that Plaintiff is seeking habeas relief under the premise of being "in custody" due to restraints on individual liberty.

At least one other court examined a nearly identical scenario and determined that "given the early stage in the case," the Plaintiff had satisfied her burden for issuance of a TRO, *Acosta de Mata v. Sullivan*, No. 1:26-cv-1827-AT, 2026 WL 927380, at *3 (N.D. Ga. Apr. 6, 2026), and that court ultimately granted habeas relief, *Acosta de Mata v. Sullivan*, 832 F. Supp. 3d 1338, 1359 (N.D. Ga. 2026). For the same reasons set forth therein, the Court finds that Plaintiff has sufficiently established the prerequisites for issuance of a TRO and that immediate and irreparable injury will result before Defendants can be heard in opposition. *Acosta*, 2026 WL 927380, at *3; *Acosta*, 832 F. Supp. 3d at 1359.

## IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 1) is **GRANTED**.
2. Defendants are enjoined from detaining Plaintiff at his November 17, 2026 USCIS appointment and until this matter can be heard on the merits.
3. This matter is set for a hearing on **Thursday November 19, 2026, at 2:30 p.m.** in Courtroom 5B, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida.
4. The Clerk is directed to serve a copy of the Motion (Doc. 1) and this Order on Defendants via email at USAFLM.Orlando2241@usdoj.gov and OPLAORLFEDLIT@ice.dhs.gov.

**DONE** and **ORDERED** in Orlando, Florida on November 15, 2026.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party